# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**DALTONIA DUNCAN, JR.**                                                                 **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 3:10CV-P408-H**

**DAVIESS COUNTY DETENTION CENTER,** *et al.*                           **DEFENDANTS**

## MEMORANDUM OPINION

Daltonia Duncan, Jr., an inmate currently incarcerated at the Breckenridge County Detention Center, filed this 42 U.S.C. § 1983 action against several defendants. In his complaint, Plaintiff complaints about events that occurred in November 2008 while he was incarcerated at the Kentucky State Reformatory. In particular, he claims that Defendants wrongly denied him the right to serve out the rest of his sentence at a half-way house in Louisville, Kentucky. The grievances attached to Plaintiff's complaint indicate that he again complained about this issue when he was transferred a few days later to the Daviess County Detention Center.[1] When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, this action will dismissed because it is clear from the face of Plaintiff's complaint that it is untimely and because it fails to state a claim for relief.

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261,

---

[1] Plaintiff also attached two grievances he filed in February and March 2009, again complaining about the decision not to transfer him to a half-way house.

275-280 (1985). Thus, in Kentucky § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183. When the face of the complaint shows that an action is time-barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

It is clear from the face of Plaintiff's complaint that his causes of action accrued in November 2008 when the decision was made to transfer him from the Kentucky State Reformatory to the Daviess County Detention Center instead of to a half-way house in Louisville, Kentucky, and when Daviess County officials refused to act on Plaintiff's complaint related thereto. Thus, his complaint accrued in March 2009 at the very latest. Plaintiff's complaint is post-marked May 28, 2010, after the expiration of the statute of limitations. As such, it is clearly time-barred.

Even if the action was not time-barred, it would still be subject to dismissal because a prisoner does not have a constitutional right to be housed in any particular facility *See Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005). Likewise, prisoners do not have a constitutional right to participate in particular rehabilitative programs. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (explaining that prisoner classification and eligibility for rehabilitation programs are not subject to constitutional protections); *Griffin v. Kallen*, 791 F.2d 933 (6th Cir. 1986) ("[P]risoner has no constitutional entitlement to a particular classification or to any particular eligibility for rehabilitative programs.").

For these reasons, the Court concludes that this action must be dismissed for failure to

state a claim upon which relief may be granted. The Court will enter an Order of dismissal consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*

4412.008